USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-7-09

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
DIASCIENCE CORP. d/b/a YEHUDA DIAMOND
COMPANY and JOHN DOES NOS. 1-10,

                    Plaintiffs,              MEMORANDUM AND ORDER

       - against -                           08 CV 9751 (NRB)

BLUE NILE, INC.

                    Defendant.
------------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Diascience Corp., doing business as Yehuda Diamond Company ("Yehuda"), filed suit against defendant Blue Nile, Inc. ("Blue Nile") seeking relief under the Lanham Act and New York General Business Law for lost sales and profit due to Blue Nile's alleged false advertising. Blue Nile now moves to dismiss on the ground that plaintiff does not have standing to sue defendant under the Lanham Act and has failed to state a claim under the New York General Business Law because Yehuda does not compete with Blue Nile in the relevant market and has not demonstrated that it is likely that Blue Nile caused injury to Yehuda's commercial interest. In the alternative, Blue Nile seeks to stay this case pending the resolution of a lawsuit between these parties that is now awaiting trial in the Western District of Washington. For the following reasons, Blue Nile's motions are denied.

1

## BACKGROUND[1]

### I. Facts

Through its website, plaintiff Yehuda offers diamonds and diamond jewelry that have been treated with a "proprietary clarity-enhancement process." (Am. Compl. ¶¶ 8-9.) Yehuda claims that this technique allows it to mask the appearance of imperfections in the diamonds it sells, and it avows that its website provides consumers with "clear and complete disclosure" as to the nature of its enhancement process. (Id. ¶ 10.) Yehuda does not sell its products directly through its website, but rather employs a "Browse Online, Buy In Person" policy whereby consumers request to have diamonds shipped to local jewelers, with whom they then complete purchases in person. (Id. ¶ 14.)

Defendant Blue Nile also sells diamonds over the internet, but Blue Nile's business differs from Yehuda's in several ways. Unlike Yehuda, Blue Nile sells colored gemstones[2] in addition to diamonds. (Id. ¶ 16.) Yehuda alleges that Blue Nile sells "enhanced" colored gemstones, but does not dispute that, unlike

---

[1] The following facts, unless otherwise noted, have been drawn from the First Amended Complaint for False Advertising, Unfair Business Practices ("Am. Compl.").
[2] Along with diamonds, three colored gemstones, sapphires, emeralds and rubies, are considered precious gemstones. (Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss and for a Stay ("Pl.'s Opp'n") at 7.)

2

Yehuda's diamonds, Blue Nile's diamonds are "untreated." (Am. Compl. ¶ 22; Memorandum in Support of Defendant's Motion to Dismiss for Lack of Standing and for Failure to State a Claim; and Request for Stay ("Def.'s Mem.") at 2.)  Further, Blue Nile ships products directly to its customers and does not utilize local jewelers. (Am. Compl. ¶ 17.)

Plaintiff Yehuda alleges that defendant Blue Nile intentionally withheld and continues to withhold from consumers the processes used to enhance the colored gemstones it sells. Specifically, Yehuda alleges that although Blue Nile has sold sapphires, emeralds and rubies that have been subjected to several enhancement techniques, including oil filling, glass filling or flux healing, defendant disclosed only heat treating prior to the commencement of this action. (Id. ¶¶ 20-21, 34-36, 42, 46-48, 51, 54.)  Yehuda further alleges that Blue Nile continues to withhold the processes that have been applied to certain categories of gemstones it offers and does not disclose the processes that each individual gemstone has undergone before completing each sale, in contravention of Federal Trade Commission disclosure regulations. (Id. ¶¶ 24, 28.)  Yehuda contends that because these enhancement techniques affect the value and care requirements of treated gemstones relative to non-enhancement gemstones, but are not visible to the consumer's eye, Blue Nile's deliberate omissions have deceived, and are

3

likely to deceive, jewelry consumers. (Id. ¶¶ 57, 63, 67-69.) As a result, Yehuda alleges that it has lost diamond sales and profits that it would have made but for Blue Nile's deceptive advertising. (Id. ¶ 79.)

## II. Procedural History

Plaintiff Yehuda[3] filed its complaint against defendant Blue Nile in November 2008, alleging false advertising under the Lanham Act, as well as unfair and deceptive business practices and false advertising under New York General Business Law. (Id. ¶¶ 70-92.) Defendant moves to dismiss plaintiff's claims for lack of standing and failure to state a claim or, in the alternative, to stay this case pending the completion of an action brought by Blue Nile against Yehuda in the Western District of Washington ("Washington Case").[4] (Def.'s Mem. at 9.) Blue Nile suggests that, because Diascience filed this complaint while the parties were "on the brink of a mediation in the Washington case," the case before this Court represents a tactical ploy. (Def.'s Mem. at 2.) That mediation subsequently proved unsuccessful. (Id.) Trial in the Washington Case is

---
[3] The complaint initially named as plaintiffs John Does Nos. 1-10, representing individuals who had purchased colored gemstones and colored gemstone jewelry from Blue Nile. (Am. Compl. ¶ 2.) On March 4, 2009, plaintiff and defendant stipulated to the dismissal of the John Doe plaintiffs.
[4] In December 2007, Blue Nile sued Diascience in the Western District of Washington, alleging unfair competition under the Lanham Act, copyright infringement, and violations of the Washington Consumer Protection Act. (Complaint ¶¶ 27-47, Blue Nile, Inc. v. Diascience Corp., No. 07 Civ. 2017 (TSZ) (W.D. Wash. filed Dec. 18, 2007).)

4

currently set to begin on October 19, 2009. (Blue Nile, Inc. v. Diascience Corp., No. 07 Civ. 2017 (TSZ) (W.D. Wash. Mar. 18, 2009) (order continuing trial date)).

## DISCUSSION

### I. Standard of Review

At the motion to dismiss stage, "[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims." Sims v. Artuz, 230 F.3d 14, 20 (2d Cir. 2000) (internal quotation marks omitted). In considering a motion to dismiss, the court must accept as true plaintiff's factual allegations and draw all reasonable inferences in favor of plaintiff. Courtenay Commc'n Corp. v. Hall, 334 F.3d 210, 213 (2d Cir. 2003). However, "the tenet that a court must accept a complaint's allegations as true" is not without its limits; while the plaintiff need not present detailed facts, he or she must state a facially plausible claim to relief. Ashcroft v. Iqbal, 556 U.S. ---, 129 S. Ct. 1931, 1940 (2009). Dismissal is therefore appropriate if the complaint contains only "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Id.

### II. Standing under the Lanham Act

The Lanham Act, which was "intended to secure a market-

place free from deceitful marketing practices," provides a statutory cause of action for trade disparagement. <u>Johnson & Johnson v. Carter-Wallace, Inc.</u>, 631 F.2d 186, 189 (2d Cir. 1980). Section 43(a) of the Lanham Act provides, in relevant part, that:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> >
> > (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a). The Second Circuit has held that in order to establish standing under the Lanham Act, a plaintiff must show (i) "a reasonable interest to be protected against the advertiser's false or misleading claims," and (ii) "a reasonable basis for believing that this interest is likely to be damaged by the false or misleading advertising." <u>Ortho Pharmaceutical</u>

6

Corp. v. Cosprophar, Inc., 32 F.3d 690, 694 (2d Cir. 1994) (internal quotation marks omitted). To satisfy the "reasonable interest" prong of this standard, a plaintiff must demonstrate "commercial interests, direct pecuniary interests, [or] even a future potential for a commercial or competitive injury." ITC Ltd. v. Punchgini, Inc., 482 F.3d 135, 169 (2d Cir. 2007). To satisfy the "reasonable basis" prong, a plaintiff must show "both likely injury and a causal nexus to the false advertising." Ortho Pharmaceutical Corp., 32 F.3d at 694.

In the Second Circuit, a presumption of harm is disfavored where (i) the defendant's advertising does not draw direct comparisons with the plaintiff's products or (ii) the parties' products "are not obviously in competition" with one another. Ortho Pharmaceutical Corp., 32 F.3d at 694. Blue Nile maintains that Yehuda must make a more substantial showing of injury and causation because it has not alleged direct advertising comparisons and colored gemstones and diamonds are not obviously competing products. (Def.'s Mem. at 4.) Yehuda does not dispute that Blue Nile's advertisements do not draw direct comparisons to Yehuda's products. Yehuda is therefore required to make a more substantial showing of injury and causation in order to establish standing.

Blue Nile argues that Yehuda lacks standing because the complaint relies on unsupported conclusory allegations and fails

7

to allege a reasonable commercial or competitive interest or demonstrate a reasonable basis for believing there is a causal nexus between Blue Nile's advertising and injury to that interest. (Id. at 5-6.) Yehuda responds that the complaint asserts a reasonable commercial interest by alleging lost diamond sales and profit within the gemstone jewelry markets. (Pl.'s Opp'n at 4.) Yehuda further argues that it has provided a reasonable basis for believing that Blue Nile has harmed that commercial interest by intentionally withholding the enhancement processes that have been applied to the colored gemstones it sells. (Id. at 12.)

The law in this Circuit indicates that, at least at this early stage, Yehuda's showing of a reasonable interest and a reasonable basis for believing that interest has been and will be harmed is sufficient. Even with the requirement for a heightened showing of injury and causation, courts seldom dismiss Lanham Act claims without first permitting plaintiffs to conduct discovery and present evidence of competitive harm, in part due to the overlap between the showing necessary to establish standing and the proof required to succeed on the merits of a Lanham Act claim, i.e. a reasonable interest and a reasonable basis for believing that interest has been harmed.[5]

---

[5] In considering the scope of liability under section 43(a)'s provision allowing suit "by any person who believes that he is or is likely to be damaged by the use of any false description or representation," the Second

See, e.g., ITC Ltd. v. Punchgini Inc., 373 F.Supp.2d 275 (S.D.N.Y. 2005) (granting summary judgment, after denying defendant's motion to dismiss on the pleadings, for lack of standing under the Lanham Act because plaintiff failed to show that defendant's alleged misrepresentations about defendant's restaurants were likely to cause injury to sales of plaintiff's canned food products bearing the same name), aff'd in part, rev'd in part on other grounds, 482 F.3d 135 (2d Cir. 2007), cert. denied, --- U.S. ---, 128 S. Ct. 288 (2007); PDK Labs, Inc. v. Friedlander, No. 93 Civ. 7787 (RPP), 1995 WL 459256 (S.D.N.Y. 1995) (granting summary judgment, after denying defendant's motion to dismiss on the pleadings, for lack of standing under the Lanham Act because plaintiff failed to show that defendant's alleged false advertising about its dietary supplements was likely to cause injury to sales of plaintiff's potential weight control product, for which he had yet to even seek FDA approval), aff'd, 103 F.3d 1105 (2d Cir. 1997); Ortho Pharmaceutical Corp. v. Cosprophar, Inc., 828 F.Supp. 1114 (S.D.N.Y. 1993) (dismissing plaintiff's claim, after a bench trial, for lack of standing under the Lanham Act because plaintiff failed to show that defendant's alleged misrepresentations concerning its cosmetic anti-aging product

---

Circuit decided Johnson & Johnson without ruling "[w]hether this clause is [should be] viewed as a matter of standing to sue, or as an element of the substantive claim for relief . . . ." 631 F.2d at 189 (internal citations omitted).

were likely to cause injury to sales of plaintiff's prescription drug which had anti-aging properties but could only be marketed for the treatment of acne), aff'd, 32 F.3d at 690 (2d Cir. 1994).

In limited circumstances, courts have dismissed Lanham Act claims on the pleadings for lack of standing. To begin with, dismissal is appropriate where the absence of overlap between plaintiff's and defendant's consumers makes the causal nexus between the defendant's alleged misrepresentations and the harm to the plaintiff implausible. See, e.g., Christopher D. Smithers Found., Inc. v. St. Lukes-Roosevelt Hosp. Ctr., No. 00 Civ. 5502 (WHP), 2001 WL 761076 (S.D.N.Y. 2001) (dismissing, on the pleadings, a Lanham Act claim brought by an organization that endowed alcoholism awareness programs against an alcoholism treatment provider because the parties performed no overlapping functions and therefore "operate[d] in different arenas."). Secondly, courts have dismissed Lanham Act claims where the asserted harm is too "remote" because it is contingent upon future commercial activity that the plaintiff has failed to initiate. See, e.g., Cecere v. R.J. Reynolds Tobacco Co., No. 98 Civ. 2011 (RPP), 1998 WL 665334 (S.D.N.Y. 1998) (dismissing, on the pleadings, a Lanham Act claim seeking relief for a reduction in the value of plaintiff's side wall as an advertising space after defendant used an image of it in a

tobacco advertisement because plaintiffs "rel[ied] on the mere status of their building's façade as a potential commercial asset . . . [but] fail[ed] to show an intent to make commercial use of that asset.").

At this early stage of this case, it cannot be said that Blue Nile and Yehuda do not share consumers, or that Yehuda has sought to protect a potential commercial interest that it has yet to develop. While diamonds and colored gemstones are not necessarily substitutes, it remains possible that the markets for the two products overlap to the point that Yehuda can show a reasonable commercial interest within the jewelry market and a reasonable basis for believing there is a causal nexus between Blue Nile's alleged false advertising concerning colored gemstones and Yehuda's lost diamond sales. Cf. Johnson & Johnson, 631 F.2d at 190 (2d Cir. 1980) (finding that plaintiff's baby oil and lotion products, which consumers used to shave, competed with defendant's NAIR depilatory product because "[a]lthough Johnson's Baby Oil and Lotion do not compete in the narrower depilatory market, they do compete in the broader hair removal market."). Furthermore, because Yehuda already participates in the gemstone jewelry market, the harm it alleges does not concern a remote commercial interest. Finally, Yehuda has not merely restated the elements for standing under the Lanham Act, but has provided the basic outline of a theory

11

that, if proven, would entitle it to relief. Consequently, we cannot rule, as a matter of law, that causality is lacking because sellers of diamonds and sellers of colored gemstones do not compete in the same jewelry market for the purposes of the Lanham Act, or that Yehuda could not have suffered harm to an established commercial interest. Yehuda is therefore permitted to conduct discovery[6] limited to this issue of standing, with particular focus on the alleged causal nexus between Blue Nile's alleged false advertising and Yehuda's lost sales. We note that while defendant's motion to dismiss plaintiff's Lanham Act claim is denied, that denial should not be understood by any party to signal an evaluation of the strength of Yehuda's case.

## III.  State Law Claims

Defendant asks this Court to dismiss plaintiff's state law claims for two reasons. First, Blue Nile argues that if this Court dismisses Yehuda's Lanham Act claim, it should also dismiss Yehuda's state law claims under 28 U.S.C. § 1367(c)(3). (Def.'s Mem. at 8.) Because Blue Nile's motion to dismiss Yehuda's Lanham Act claim is denied, this argument is moot.

Secondly, citing New York case law, Blue Nile argues that Yehuda has not made out a prima facie case under sections 349

---

[6] We observe that the Second Circuit has approved of Lanham Act cases in which "market studies supplied the causative link between the advertising and the plaintiff's potential lost sales, and thereby indicated a likelihood injury." Ortho Pharmaceutical Corp., 32 F.3d at 695 (quoting Coca-Cola Co. v. Tropicana Products, Inc., 690 F.2d 312, 317 (2d Cir. 1982)).

12

and 350 of the New York General Business Law.  (Reply Memorandum in Support of Defendant's Motion to Dismiss for Lack of Standing and for Failure to State a Claim; and Request for Stay ("Def.'s Reply") at 7-8.)  To establish a prima facie case, a plaintiff must demonstrate "that defendant is engaging in an act or practice that is deceptive or misleading in a material way and that plaintiff has been injured by reason thereof."  Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, 85 N.Y.2d 20, 25 (N.Y. 1995); Goshen v. Mutual Life Ins. Co. of New York, 98 N.Y.2d 314, 324 n.1 (N.Y. 2002).  Blue Nile argues that "[f]or the same reasons [why plaintiff lacks Lanham Act standing], namely lack of a sufficient causal nexus and any harm to Yehuda, the claims asserted under the[] New York statutes fail."  (Def.'s Reply at 8.)  This argument fails at this stage for the same reasons that Blue Nile's motion to dismiss Yehuda's Lanham Act claim was denied.  Accordingly, defendant's motion to dismiss plaintiff's state law claims is denied and Yehuda is allowed to proceed to discovery.

## IV.  Request for a Stay

In the alternative, Blue Nile requests a stay pending completion of the Washington Case.  (Def.'s Mem. at 8-9.)  Yehuda responds that a stay in not warranted because the legal and factual issues in the Washington Case differ from those present in this case, and there is therefore "no risk of

duplicative litigation." (Pl.'s Opp'n at 13.)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936). Although the Washington Case is further along and is now approaching trial, it involves allegations that Yehuda's website contains false advertising and copyright infringements, issues that do not bear on the alleged false advertising through Blue Nile's website that forms the basis of the dispute before this Court. (Complaint ¶¶ 1, 27-32, 39-47, Blue Nile, Inc. v. Diascience Corp., No. 07 Civ. 2017 (TSZ) (W.D. Wash. filed Dec. 18, 2007).) Blue Nile does not contest this distinction. (See Def.'s Reply at 8.) Accordingly, Blue Nile's request for a stay is denied.

## CONCLUSION

For the foregoing reasons, defendants motion to dismiss and motion seeking a stay are denied. All permitted discovery is to be completed within four months from the date of this decision.

14

**SO ORDERED.**

Dated:  New York, New York
        July 6, 2009

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　NAOMI REICE BUCHWALD
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

**Counsel for Plaintiff**
Lee A. Goldberg, Esq.
Clyde A. Shuman, Esq.
Pearl Cohen Zedek Latzer LLP
1500 Broadway, 12th Floor
New York, NY 10036

**Counsel for Defendant**
Janet L. Cullum
Cooley Godward Kronish LLP
1114 Avenue of the Americas
New York, NY 10036-7798