UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DIASCIENCE CORP. d/b/a YEHDUA DIAMOND COMPANY and JOHN DOES NOS. 1-10,

Plaintiffs,

v.

BLUE NILE, INC.

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

No. 08-CV-9751 (NRB)

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendant, Blue Nile, Inc. ("Blue Nile") hereby responds to the First Amended Complaint ("Amended Complaint") of Plaintiff, Diascience Corp., d/b/a Yehuda Diamond Company ("Plaintiff") as follows:

**PARTIES**

1. Blue Nile is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and on that basis denies the allegations thereof.

2. The allegations of Paragraph 2 are irrelevant as the Doe plaintiffs have been dismissed from the Amended Complaint pursuant to stipulation. To the extent a response to this paragraph is nonetheless required, Blue Nile is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and on that basis denies the allegations thereof.

3. Admits the allegations in Paragraph 3.

**JURISDICTION AND VENUE**

4. Paragraph 4 states legal conclusions as to which no response is required.

5. Answering the first two sentences of Paragraph 5, those sentences state legal conclusions as to which no response is required. Answering the third sentence of Paragraph 5, Blue Nile denies the allegations thereof.

6. Paragraph 6 states legal conclusions as to which no response is required. To the extent a response is required, Blue Nile denies that it sells loose sapphires, rubies and emeralds, but admits that it sells jewelry containing such gemstones and has from time to time sold such jewelry to purchasers in New York.

**FACTS**

7. Blue Nile is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and on that basis denies the allegations thereof.

8. Denies the allegations in Paragraph 8.

9. Blue Nile is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and on that basis denies the allegations thereof.

10. Answering Paragraphs 10-12, Blue Nile avers, without admitting the accuracy or Plaintiff's characterization thereof, that Exhibits 1, 2, 3 and 4 and Plaintiff's website speak for themselves. Except as expressly so averred, Blue Nile denies the allegations thereof.

11. Answering Paragraphs 13-15, Blue Nile avers, without admitting the accuracy or Plaintiff's characterization thereof, that Exhibits 1, 5 and 6 and Plaintiff's website speak for themselves. Except as expressly so averred, Blue Nile denies the allegations thereof.

12. Answering Paragraph 16, Blue Nile denies that it sells loose sapphires, rubies and emeralds, but admits that it sells jewelry containing sapphires, rubies and emeralds via its website, www.bluenile.com. Blue Nile avers, without admitting the accuracy or Plaintiff's characterization thereof, that the Blue Nile website and Exhibit 7 speak for themselves. Except as

expressly so admitted and averred, Blue Nile denies the allegations in Paragraph 16.

13. Answering Paragraph 17, Blue Nile denies that it sells loose sapphires, rubies and emeralds, but admits that it sells jewelry containing sapphires, rubies and emeralds and that purchasers of such jewelry from Blue Nile do not view the jewelry in-person prior to the purchase. Except as expressly so admitted, Blue Nile denies the allegations in Paragraph 17.

14. Answering Paragraphs 18-20, Blue Nile avers, without admitting the accuracy or Plaintiff's characterization thereof, that the Blue Nile website and Exhibits 7, 8, and 9 speak for themselves. Except as expressly so averred, Blue Nile denies the allegations thereof.

15. Answering Paragraph 21 , Blue Nile admits in or about late 2008, Blue Nile made changes in the text on its website, including on the pages regarding enhancements, and avers, without admitting the accuracy or Plaintiff's characterization thereof, that the Blue Nile website and Exhibit 14 speak for themselves. Except as expressly so admitted and averred, Blue Nile denies the allegations in Paragraph 21.

16. Denies the allegations in Paragraph 22.

17. Answering Paragraph 23, Blue Nile avers, without admitting the accuracy or Plaintiff's characterization thereof, that the pages of the Blue Nile website and the documents referenced therein and Exhibit 10 speak for themselves. Except as expressly so averred, Blue Nile denies the allegations in Paragraph 23.

18. Answering Paragraphs 24-26, Blue Nile avers, without admitting the accuracy or Plaintiff's characterization thereof, that Exhibit 10 speaks for itself. Blue Nile is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 24-26 and on that basis denies the allegations thereof.

19. Answering Paragraph 27, Blue Nile admits that in or about late 2008, Blue Nile

made changes in the text on its website, including on pages regarding enhancements, and avers, without admitting the accuracy or Plaintiff's characterization thereof, that the Blue Nile website and Exhibit 14 speak for themselves. Except as expressly so admitted and averred, Blue Nile denies the allegations in Paragraph 27.

20. Answering Paragraph 28, Blue Nile avers, without admitting the accuracy or Plaintiff's characterization thereof, that the Blue Nile website speaks for itself. Except as expressly so averred, Blue Nile denies the allegations in Paragraph 28.

21. Answering Paragraph 29, Blue Nile avers that Plaintiff's definition does not require an answer. To the extent an answer is required, Blue Nile denies the allegations in Paragraph 29.

22. Answering Paragraph 30, Blue Nile avers, without admitting the accuracy or Plaintiff's characterization thereof, that Exhibit 11 speaks for itself. Except as expressly so averred, Blue Nile is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and on that basis denies the allegations thereof.

23. The allegations of Paragraph 31 are too vague to allow Blue Nile to respond to those allegations. To the extent Blue Nile comprehends the allegations of Paragraph 31, Blue Nile is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and on that basis denies the allegations thereof.

24. Answering Paragraphs 32-33, Blue Nile avers, without admitting the accuracy or Plaintiff's characterization thereof, that the Blue Nile website and Exhibit 9 speak for themselves. Except as expressly so averred, Blue Nile denies the allegations in Paragraphs 32-33.

25. Answering Paragraph 34, Blue Nile avers, without admitting the accuracy or

Plaintiff's characterization thereof, that the Blue Nile invoices and Exhibit 15 speak for themselves. Except as expressly so averred, Blue Nile is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and on that basis denies the allegations thereof.

26. Answering Paragraph 35, Blue Nile avers that Plaintiff's definition does not require an answer. To the extent an answer is required, Blue Nile denies the allegations in Paragraph 35.

27. Denies the allegations in Paragraphs 36-37.

28. Answering Paragraphs 38-39, Blue Nile avers, without admitting the accuracy or Plaintiff's characterization thereof, that Exhibit 16 speaks for itself. Blue Nile is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 38-39 and on that basis denies the allegations thereof.

29. Answering Paragraph 40, Blue Nile avers, without admitting the accuracy or Plaintiff's characterization thereof, that the Blue Nile website speaks for itself. Except as expressly so averred, Blue Nile denies the allegations in Paragraph 40.

30. Answering Paragraphs 41-45, Blue Nile avers, without admitting the accuracy or Plaintiff's characterization thereof, that the AGTA website and Exhibits 17, 18, 19, 20, 21 and 22 speak for themselves. Except as expressly so averred, Blue Nile is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 41-45 and on that basis denies the allegations thereof.

31. Answering Paragraph 46, Blue Nile avers, without admitting the accuracy or Plaintiff's characterization thereof, that Exhibits 17, 18 and 19 speak for themselves. Except as expressly so averred, Blue Nile denies the allegations in Paragraph 46.

32. Answering Paragraph 47, Blue Nile avers, without admitting the accuracy or Plaintiff's characterization thereof, that the Blue Nile website speaks for itself. Except as expressly so averred, Blue Nile denies the allegations in Paragraph 47.

33. Answering Paragraph 48, Blue Nile avers, without admitting the accuracy or Plaintiff's characterization thereof, that Exhibits 23 and 24 speak for themselves. Except as expressly so averred, Blue Nile is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and on that basis denies the allegations thereof.

34. Answering Paragraph 49, Blue Nile avers, without admitting the accuracy or Plaintiff's characterization thereof, that Exhibit 25 speaks for itself. Except as expressly so averred, Blue Nile is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and on that basis denies the allegations thereof.

35. Answering Paragraph 50, Blue Nile avers, without admitting the accuracy or Plaintiff's characterization thereof, that the Blue Nile website speaks for itself . Except as expressly so averred, Blue Nile denies the allegations in Paragraph 50.

36. Answering Paragraph 51, Blue Nile avers that Plaintiff's definition does not require an answer. To the extent an answer is required, Blue Nile denies the allegations in Paragraph 51.

37. Answering Paragraph 52, Blue Nile avers, without admitting the accuracy or Plaintiff's characterization thereof, that the Blue Nile website speaks for itself. Except as expressly so averred, Blue Nile denies the allegations in Paragraph 52.

38. The allegations of Paragraph 53 are too vague to allow Blue Nile to admit or deny them. To the extent a response is required, Blue Nile is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and on that basis

denies the allegations thereof.

39. Answering Paragraphs 54-58, Blue Nile avers, without admitting the accuracy or Plaintiff's characterization thereof, that the Blue Nile website and Exhibits 12, 13 and 26 speak for themselves. Except as expressly so averred, Blue Nile denies the allegations in Paragraphs 54-58.

40. Denies the allegations in Paragraphs 59-63.

41. The allegations of Paragraphs 64-66 are too vague to allow Blue Nile to respond. To the extent Blue Nile comprehends the allegations, Blue Nile is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 64-66 and on that basis denies the allegations thereof.

42. Denies the allegations in Paragraphs 67-69.

**COUNT 1**
**FALSE ADVERTISING**
**15 U.S.C. § 1125(a)**

43. Responding to Paragraph 70, repeats and incorporates all responses to Paragraphs 1-69 of this Answer.

44. Paragraph 71 states a legal conclusion as to which no response is required.

45. Paragraph 72 states a legal conclusion as to which no response is required.

46. Denies the allegations in Paragraphs 73-79.

**COUNT II**
**UNFAIR AND DECEPTIVE BUSINESS PRACTICES**
**N.Y. GEN. BUS. L. § 349**

47. Responding to Paragraph 80, repeats and incorporates all responses to Paragraphs 1-79 of this Answer.

48. Paragraph 81 states a legal conclusion as to which no response is required.

49. Paragraph 82 states a legal conclusion as to which no response is required.

50. Denies the allegations in Paragraphs 83-87.

**COUNT III**
**FALSE ADVERTISING**
**N.Y. GEN. BUS. L. § 350**

51. Responding to Paragraph 88, repeats and incorporates all responses to Paragraphs 1-87 of this Answer.

52. Paragraph 89 states a legal conclusion as to which no response is required.

53. Paragraph 90 states a legal conclusion as to which no response is required.

54. Denies the allegations in Paragraphs 91-92.

**JURY TRIAL DEMAND**

55. Paragraph 93 states a legal conclusion as to which no response is required.

**AFFIRMATIVE DEFENSES**

Defendant Blue Nile alleges the following affirmative defenses with respect to the claims for relief set forth in the Complaint, without assuming the burden of proof where the burden of proof rests on Plaintiff:

First Affirmative Defense

The Complaint fails to set forth claims upon which relief may be granted.

Second Affirmative Defense

Plaintiff lacks standing.

Third Affirmative Defense

Plaintiff's rights and claims, if any, are barred in whole or in part by the doctrine of waiver and estoppel.

Fourth Affirmative Defense

Plaintiff's rights and claims, if any, are barred in whole or in part by the doctrine of laches.

Fifth Affirmative Defense

Plaintiff's rights and claims, if any, are barred in whole or in part by the doctrine of unclean hands.

Sixth Affirmative Defense

Plaintiff’s claims are barred in whole or in part because Plaintiff’s injuries and damages, if any, are proximately caused by persons other than Blue Nile.

Seventh Affirmative Defense

Plaintiff’s claims are barred in whole or in part because Blue Nile at all times acted in good faith and its statements are protected commercial speech.

Eighth Affirmative Defense

Plaintiff’s claims are barred in whole or in part because Plaintiff has not sustained damages or harm attributable to any of the actions alleged in the Complaint.

Ninth Affirmative Defense

Plaintiff’s claims are barred in whole or in part by the statute of limitations.

Additional Defenses

Defendants reserve the right to assert additional defenses based on information learned or obtained during discovery or further inquiry.

**PRAYER FOR RELIEF**

WHEREFORE, Blue Nile respectfully requests that the Court:

(a) Dismiss the Complaint in its entirety with prejudice;

(b) Enter judgment in favor of Blue Nile on all counts of the Complaint;

(c) Award Blue Nile its costs and attorneys' fees; and

(d) Grant such other relief in favor of Blue Nile and against Plaintiff as deemed just and equitable.

Blue Nile hereby demands a jury trial on all issues so triable.

Dated: New York, New York
July 27, 2009

Respectfully submitted,

COOLEY GODWARD KRONISH LLP

By: /s/Janet L. Cullum

Janet L. Cullum
1114 Avenue of the Americas
New York, NY
Tel: (212)479-6000
jcullum@cooley.com

*Attorney for Defendant Blue Nile, Inc.*